

The following constitutes
the order of the court. Signed September 13, 2007

_Marilyn Morgan_

**Marilyn Morgan**
**U.S. Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

<table>
<tr><td>In re:</td><td>Case No. 06-50441-MM</td></tr>
<tr><td>**MICHAEL J. SCHNEIDER,**</td><td>Chapter 11</td></tr>
<tr><td>Debtor.</td><td>**MEMORANDUM DECISION AND ORDER ON MOTION OF PETITIONING CREDITORS FOR ALLOWANCE OF ADMINISTRATIVE FEES AND EXPENSES**</td></tr>
</table>

### INTRODUCTION

Before the court is the motion of the petitioning creditors for allowance of an administrative expense. They seek fees in the amount of $79,632.74 and costs in the amount of $6,697.69 incurred in connection with filing the involuntary petitions and the motions to appoint a chapter 11 trustee.

Counsel for the petitioning creditors, McGrane Greenfield LLP, recognized the dire situation faced by Schneider's creditors and directed the resources of five partners to the preparation of the involuntary petition and the motion to appoint a trustee. Under normal circumstances, such an allocation of resources would not be considered reasonable. However, this is not a normal case. Upon its engagement, McGrane Greenfield immediately responded to the needs of the case. It performed an investigation and prepared the involuntary petition and motion to appoint a trustee under severe time constraints because of the urgent risk of further loss to its clients and other investors. It filed the

1

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

1   involuntary petition within days of being retained by the petitioning creditors, thereby commencing the

2   process of marshaling the assets of the estate for the benefit of all creditors.  However, the fact that

3   services are billable to a client does not necessarily mean that compensation is properly chargeable to

4   the estate applying the narrow standard of §§ 503(b)(3) and (b)(4).  Although some of the requested fees

5   are not allowable against the estate, McGrane Greenfield provided quality services that made a

6   substantial contribution to the estate.

7

8                              **FACTUAL BACKGROUND**

9          California Plan, Inc. is a mortgage brokerage company that services loans and solicits private

10  investors to make loans at above-market rates secured by deeds of trust on real property.  Michael

11  Schneider is the principal and controlling shareholder of California Plan.  Petitioning creditors Mark

12  Aspromonte, Aspromonte Investments, and Aspromonte Enterprises commenced involuntary petitions

13  under 11 U.S.C. § 303 against California Plan and Schneider on March 24, 2006.  The debtors consented

14  to orders for relief under chapter 11.  On motion by the petitioning creditors, the court ordered the

15  appointment of chapter 11 trustees in both cases.  At the request of the United States Trustee, the court

16  appointed Andrea Wirum as trustee of the California Plan estate and Kyle Everett as trustee of the

17  Schneider estate on April 7, 2006.  Orders for relief were issued on April 12, 2006.  The California Plan

18  case was converted to one under chapter 7 on July 11, 2006.

19         California Plan commenced doing business in the 1960's with its core business of arranging

20  secured loans from investors.  In 1993, Schneider, who was then an account executive for California

21  Plan, purchased the business from its founder.  California Plan earned revenues by charging  interest

22  on loans at rates above the return promised to investors.  It also generated revenues through loan

23  origination fees, points, foreclosure fees, late fees and prepayment fees.  However, its revenues were

24  insufficient to fund operating expenses and interest payments to investors.  By the late 1990's, California

25  Plan did not always repay the investors when borrowers paid off the loans.  It would reconvey the deed

26  of trusts but not inform the investors.  Rather, it continued to make monthly interest payments to

27  investors but retained or diverted the proceeds of the payoffs.

28         California Plan would also accept funds from multiple investors but advance only some of the

2

1  funds to a borrower. The balance of the funds were used to service the existing loans. However,

2  Schneider represented to those investors that their loans were secured by specific real estate. Investors

3  received copies of deeds of trust, some of which had been forged and falsified with a recording stamp.

4  As a result, not all investors were secured notwithstanding Schneider's representations. Schneider

5  contends that California Plan already had a book of bad loans at the time he acquired the business in

6  1993.

7  Upon its engagement, McGrane Greenfield immediately conducted an investigation of the fraud

8  scheme of California Plan and Schneider, researching and reviewing loan records and documents

9  recorded with the Santa Clara County Recorder's Office. McGrane Greenfield's investigation revealed

10  that the loans made by the petitioning creditors were unsecured although they received copies of deeds

11  of trust bearing a recording stamp. Approximately $3,965,000 invested by the petitioning creditors over

12  the course of twelve loans were unaccounted for. Once the involuntary petitions were filed, McGrane

13  Greenfield also prepared and filed motions in both cases to appoint trustees on an expedited basis so the

14  debtors would not remain in possession of the assets of the estates. Schneider was indicted and has been

15  incarcerated since shortly after the fraud scheme was revealed and the petitions filed.

16  There is a substantial overlap in claims between the two estates. Claims filed in the California

17  Plan case total approximately $55 million, while the claims filed in the Schneider case total

18  approximately $85 million, including the $25 million claim of California Plan. Many of California

19  Plan's investors are elderly people with fixed incomes. Some individual creditors have asserted losses

20  of as much as $6 million. The estate of California Plan has relatively limited assets, while the

21  Schneider estate has some significant assets consisting primarily of real properties. The court has

22  approved a compromise between the two estates to allocate the net proceeds of the Schneider estate

23  between them. It is not anticipated that the defrauded investors and other creditors will receive

24  substantial distributions on their claims.

25  The petitioning creditors have filed this motion seeking an allowance of an administrative

26  expense claim for fees in the amount of $79,632.74 and expense reimbursement of $2,847.69. They

27  have supplemented their motion with a request for an additional $3,850 in expense reimbursement. The

28  petitioning creditors have also filed the same motion in the California Plan case. They assert that by

3

MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES

commencing the cases, creating the estates, and obtaining the appointment of trustees, the petitioning

creditors have benefitted the estates and other creditors.  The United States Trustee, trustee Andrea

Wirum, trustee Kyle Everett, and Deborah Schneider have objected to the allowance of a portion of the

fees and expenses requested.

**LEGAL DISCUSSION**

Sections 503(b)(3) and (b)(4) provide in pertinent part:

After notice and a hearing, there shall be allowed administrative expenses . . . including –

(3)   the actual, necessary expenses, other than compensation and reimbursement
specified in paragraph (4) of this subsection, incurred by –

(A)  a creditor that files a petition under section 303 of this title. . .

(D) a creditor . . . in making a substantial contribution in a case under chapter 9
or 11 of this title . . .

(4)  reasonable compensation for professional services rendered by an attorney or an
accountant of an entity whose expense is allowable under subparagraph (A) . . . of
paragraph (3) of this subsection, based on the time, the nature, the extent, and the value
of such services, and the cost of comparable services other than in a case under this title,
and reimbursement for actual, necessary expenses incurred by such attorney or
accountant. . . .

Petitioning creditors are entitled to recover from the estate as an administrative expense their

reasonable fees and expenses for the preparation, filing, and adjudication of the involuntary petition.

In re On Tour, LLC, 276 B.R. 407, 415 (Bankr. D. Md. 2002); In re Hanson Industries, Inc., 90 B.R.

405, 410 (Bankr, D. Minn. 1988).  The purpose of allowing the petitioning creditors their attorneys' fees

and costs is to encourage them to successfully bring the debtor into court so that there may be an

equitable marshaling and distribution of its assets before the debtor squanders them. Hanson Industries,

90 B.R. at 410.  However, these provisions must be narrowly construed in order to keep fees and

administrative expenses at a minimum so as to preserve the estate for the benefit of all creditors. Id. at

409.  The petitioning creditors are limited to their reasonable fees and expenses, based on the time,

nature, extent and value of such services, and the cost of comparable services other than in a bankruptcy

case. § 503(b).  An applicant under § 503(b) has the burden of establishing its entitlement to an award

by a preponderance of the evidence. In re Crazy Eddie, Inc., 120 B.R. 273, 278 (Bankr. S.D.N.Y. 1990).

4

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**

1    There is no dispute that the services of McGrane Greenfield in filing the petitions and obtaining

2  the appointment of trustees benefitted the estates and made a substantial contribution.  The sole issue

3  is whether the compensation for all the services the petitioning creditors included in their motion is

4  reasonable.

5

6    **A.    Time Entries That Are Not Adequately Described Are Not Compensable.**

7    An applicant for fees should exercise billing discretion and maintain time records in a manner

8  that will enable the court to identify the subject matter of the services.  Hensley v. Eckerhart, 461 U.S.

9  424, 437 (1983).  An application for fees submitted under § 503(b) is judged in accordance with the

10  same requirements for documentation that are applicable to an application under § 330.  On Tour, 276

11  B.R. at 413;  In re Baldwin-United Corp., 79 B.R. 321, 336 (Bankr. S.D. Ohio 1987).

12    The United States Trustee objects to $27,300 in fees for services described simply as "work on

13  involuntary" or "work on trustee motion."  McGrane Greenfield filed a supplemental declaration that

14  amplifies the initial descriptions contained in its time records.  The supplemental descriptions of the

15  services are sufficiently detailed  to allow the court to review the fees incurred for reasonableness.

16  Unless otherwise provided in this decision, those time entries are compensable.

17    The following time entries, however, are not adequately described to enable the court to

18  determine whether the services are compensable.  The substance of the services were redacted from

19  many of the entries.  Compensation for these time entries is disallowed.

20

21
22
23
24
25
26
27

| Date | Time-keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 03/25/06 | BSG | Work on involuntary; review documents; office conferences. | 2.00 | 900.00 |
| 03/26/06 | BSG | Research; review and edit declarations. | 1.00 | 450.00 |
| 03/29/06 | BSG | Correspondence with client regarding . . . . | 0.50 | 225.00 |
| 04/04/06 | BSG | Telephone conference with A. Wyrum. | 0.33 | 148.50 |
| 04/04/06 | MAH | [T]elephone call(s) with G. Kaplan. | 0.20 | 70.00 |

28

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**

| 04/10/06 | MAH | Office conference with W. McGrane, D. Stuckey re . . . (s) with B. Greenfield. | 0.40 | 140.00 |
|---|---|---|---|---|
| 04/10/06 | BSG | [C]orrespondence with clients regarding . . . . | 0.30 | 135.00 |
| 04/11/06 | DAS | Research authority regarding . . . . | 0.75 | 225.00 |
| | | **TOTAL** | **5.48** | **2,293.50** |

### B.     Clerical Services Are Not Compensable From the Estate.

Services that are clerical in nature are properly chargeable to the firm as an overhead expense and not to the bankruptcy estate. Fees for services that are purely clerical, ministerial, or administrative should be disallowed regardless of who performs them. Missouri v. Jenkins, 491 U.S. 274, 288 fn.10 (1989); Sousa v. Miguel, 32 F.3d 1370, 1374 (9th Cir. 1994). If the services represent a shift of tasks ordinarily performed by a lawyer, such as would require discretion, then the services are compensable. In re CF & I Fabricators of Utah, Inc., 131 B.R. 474, 489 (Bankr. D. Utah 1991). If they consist of typing, data entry, checking court dockets, manually assembling, collating, marking, processing, photocopying, mailing, compiling, organizing in numerical or alphabetical order, updating a database, numbering, printing, preparing packages for service, or similar tasks, the services are clerical in nature. Id. at 492-93. Performing these services or supervising them is not compensable.

In a supplement, McGrane Greenfield asserts that services described as organizing files are not clerical in nature because the task required the independent judgment of the paralegal in designating subfiles. Although  services that require a paralegal's judgment, analysis, or education may be compensable, see id. at 491, other related tasks such as downloading, printing, and indexing clearly are clerical and are not compensable. Certainly, organizing property files by county would not require any independent judgment and is not compensable.

Petitioning creditors are also not entitled to compensation for the ministerial time expended in physically filing the petition. In re Stoecker, 128 B.R. 205, 214 (Bankr. N.D. Ill. 1991). That the court's intake clerk had questions to direct to the filing attorney does not justify diverging from the rule that an attorney cannot be compensated from the estate for performing clerical services. Where the timekeeper has clumped clerical time with otherwise compensable professional services in the same time entry, the court will disallow the amount that its estimates as attributable to the clerical time.

6

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

The court disallows compensation totaling $3,908.65 for the clerical services that are set forth in the following time entries.

| Date | Time-keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 03/22/06 | PC | Download, print, organize materials; create subfiles; organize and index subfiles. [5.0 hours; reduction of 4.50 for clerical services.] | 4.50 | 562.50 |
| 03/23/06 | PC | Complete organization and indexing of subfiles. [3.0 hours; reduction of 2.50 for clerical services.] | 2.50 | 312.50 |
| 03/23/06 | JCP | Insert fields on W. McGrane involuntary bankruptcy forms. | 0.40 | 34.00 |
| 03/23/06 | JCP | Scan and email Fechheimer letter to W. McGrane. | 0.10 | 8.50 |
| 03/24/06 | BSG | Work on petition, motion for trustee and related issues; review documents; correspondence with counsel for Schneider and Sterling. [4.0 hours; reduction of 1.0 for physically filing petition.] | 1.00 | 450.00 |
| 03/24/06 | WM | Work on involuntary. [7.0 hours; reduction of 1.0 for physically filing petition.] | 1.00 | 550.00 |
| 03/27/06 | JCP | Edit spreadsheet; prepare exhibits for filing; download Schneider docket; download Cal Plan docket. | 0.90 | 76.50 |
| 03/27/06 | PC | Create and organize files for properties by County. | 5.00 | 625.00 |
| 03/28/06 | JCP | Edit pleadings; file pleadings. | 1.60 | 136.00 |
| 03/28/06 | MAH | Work on application to shorten time to hear Trustee motion; draft motion for appointment of Trustee; telephone call(s) with M. Choi, Judge Morgan's law clerk re application and motion; work on declarations in support of motion; *conference with J. Praetzellis re e-filing and service*. [8.0 hours; reduction of 0.50 for clerical services.] | 0.50 | 175.00 |
| 03/28/06 | BJH | Continue to work on declarations; . . . *attention to service of chambers copies of pleadings and documents electronically filed* . . . . [7.50 hours; reduction of 0.50 for clerical services.] | 0.50 | 175.00 |

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**

| 03/28/06 | JCP | Check docket; print new filings; alter filings with copy machine to conform to standard sizes; scan and email pleadings to W. Lafferty, B. Greenfield, K. Everett. | 0.60 | 51.00 |
|---|---|---|---|---|
| 03/29/06 | MAH | Telephone call(s) with Judge Morgan's clerk and law clerk; draft order re application to shorten time; prepare notice of hearing and motion and *conference with J. Praetzellis re service and filing of same*;telephone call(s) with S. Mounger re trustee appointment and hearing. [4.00 hours; reduction of 0.50 for clerical services.] | 0.50 | 175.00 |
| 03/29/06 | JCP | Prepare certificates of service via fax; serve documents via fax; file documents; email filed documents with proof of filing to V. Fischer in San Jose for chambers delivery and service. | 1.10 | 93.40 |
| 03/29/06 | JCP | Update orders; upload orders. | 0.20 | 17.00 |
| 03/29/06 | JCP | Edit M. Harrington orders; make orders conform to Hon. Marilyn Morgan's requirements; upload orders. | 0.40 | 34.00 |
| 03/30/06 | PC | Complete organization and indexing of properties by counties. | 3.00 | 375.00 |
| 04/03/06 | JCP | Review and upload orders granting motion in CPI and MJS. | 0.10 | 8.50 |
| 04/03/06 | VF | Letter to Jackie Jarvis at U.S. Bankruptcy Court re: ordering transcript of 3/20/06 Motion for Appointment of Trustee. | 0.33 | 41.25 |
| 04/06/06 | JCP | Upload orders for relief. | 0.10 | 8.50 |
| | | **TOTAL** | **24.33** | **3,908.65** |

## C.    Services Rendered After the Order for Relief Are Not Compensable.

To be compensable under § 503(b)(3)(A), the services must relate directly to the preparation and filing of the involuntary petition, and fees for activities that extend beyond the order for relief normally are not allowed. In re Amanat, 340 B.R. 713, 717 (Bankr. S.D.N.Y. 2006). The order for relief was issued on April 12, 2006. The fees for the following time entries relating to services rendered after the order for relief are disallowed.

8

| Date | Time-keeper | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 04/13/06 | BSG | Telephone call(s) from H. Niles regarding status; telephone call(s) from R. Rossi regarding status of case and potential recovery of assets; correspondence. | 0.67 | 301.50 |
| 04/17/06 | BSG | Telephone conference with Bill Lafferty regarding loan files; review correspondence from Wirum regarding loans; transmit to E. Aspromonte. | 0.50 | 225.00 |
| 04/18/06 | BSG | Correspondence with C. Maher regarding loan file transfer to Aspromonte. | 0.33 | 148.50 |
| | | **TOTAL** | **1.50** | **675.00** |

### D. Services for Appointment of Trustee Are Compensable While Services for Selection of Trustee Are Only Compensable In Part.

The petitioning creditors request allowance of their fees and expenses for filing the motion to appoint a trustee on the basis that the services made a substantial contribution in the case. "Substantial contribution" has been interpreted as services that foster and enhance, rather than retard or interrupt, the progress of reorganization. On Tour, 276 B.R. at 417. The principal test of substantial contribution under § 503(b)(3)(D) is the extent of the benefit to the estate. In re Cellular 101, Inc., 377 F.3d 1092, 1096 (9th Cir. 2004); In re Christian Life Center, 821 F.2d 1370, 1373 (9th Cir. 1987). Creditors have been held to have made a substantial contribution by obtaining the appointment of a chapter 11 trustee. On Tour, 276 B.R. at 418; In re Catalina Spa & R.V. Resort, Ltd., 97 B.R. 13, 18 (Bankr. S.D. Cal. 1989). Under the particular facts of this case, the appointment of a trustee did make a substantial contribution to the case.

The petitioning creditors also request allowance of fees and expenses incurred in connection with the selection of the trustee. The services must produce a demonstrable benefit to the estate to be compensable. In re Stoecker, 128 B.R. at 210. That hours are billable does not necessarily mean that they are compensable. Id. Services that are self-interested and that do not contribute to the reorganization are not compensable from the estate. On Tour, 276 B.R. at 418; Catalina Spa & R.V.

9

Resort, 97 B.R. at 18. While it is the U.S. Trustee's duty to select the trustee, Bankruptcy Rule

2007.1(c) expressly contemplates that the U.S. Trustee will consult with creditors and parties in interest

in making the selection. Thus, a portion of the fees for McGrane Greenfield's services devoted to the

selection of a trustee resulted in a demonstrable benefit to the estate. See On Tour, 276 B.R. at 420.

However, a substantial portion of the fees in this category appear to have been driven by self-interest

in hand-selecting the trustee. The large amount of fees incurred suggest that McGrane Greenfield

exerted its leverage in the selection process based on the ability to elect a trustee under Bankruptcy Rule

2007.1(b). A reasonable fee for McGrane Greenfield's contribution to the trustee selection process is

$2,000. The balance of fees incurred in connection with these services in the amount of $10,162.50 is

disallowed. The time entries in this category are set forth below.

| Date | Time-keeper | Description | Hours | Amount |
|------|------------|-------------|-------|--------|
| 03/26/06 | BSG | [O]ffice conferences, telephone conferences with M. Malter and J. Murray regarding trustee. | 1.75 | 787.50 |
| 03/27/06 | BSG | Telephone conference with U.S. Trustee John Wesolowski regarding appointment of trustee; . . . meeting (SF) with Kyle Everett and Bill Lafferty regarding appointment of trustee; telephone conferences with John Murray and Shannon Mounger, U.S. Trustee, regarding appointment of trustee . . . . | 6.00 | 2,700.00 |
| 03/28/06 | WM | Work on involuntary. | 5.00 | 2,750.00 |
| 03/29/06 | MAH | [T]elephone conference with S. Mounger re trustee appointment and hearing. | 1.00 | 350.00 |
| 03/29/06 | WM | Work on motion for trustee. | 4.00 | 2,200.00 |
| 03/30/06 | MAH | Telephone call(s) with J. Murray, B. Greenfield re trustee appointment, hearing; e-mails to and from K. Everett re same. | 0.50 | 175.00 |
| 03/30/06 | BSG | [M]eeting with J. Murray. | 0.50 | 225.00 |
| 03/30/06 | WM | Work on involuntary. | 2.00 | 1,100.00 |
| 03/31/06 | WM | Work on involuntary. | 2.00 | 1,100.00 |
| 03/31/06 | BSG | [C]orrespondence regarding trustee; telephone call(s) from Bill Lafferty. . . . | 0.50 | 225.00 |

10

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**

| 04/03/06 | WM | Work on involuntary. | 1.00 | 550.00 |
|---|---|---|---|---|
| | | **TOTAL** | **24.25** | **12,162.50** |

### E. Services That Serve Solely the Interests of the Petitioning Creditors Are Not Compensable From the Estate.

Services that are self-interested and that do not contribute to the reorganization are not compensable from the estate. On Tour, 276 B.R. at 418; Catalina Spa & R.V. Resort, 97 B.R. at 18. On March 23, 2006, two McGrane Greenfield partners engaged in client conferences, explored alternative strategies, and prepared for the involuntary filing the following day. The services included urging one of their clients to support a bankruptcy proceeding although he was adamantly opposed to it. These services did not contribute to the cases, so the court disallows $1,000 in fees relating to these services. The court further disallows compensation for the following time entries, which total $1,069.50, because the services appear to advance solely the interests of the petitioning creditors and not the estate as a whole.

| Date | Time-keeper | Description | Hours | Amount |
|---|---|---|---|---|
| 03/23/06 | BSG | [W]ork on bankruptcy analysis vs. receivership. | 1.00 | 450.00 |
| 03/30/06 | BSG | [T]elephone conference with Bob Bosso and Hank Niles. | 0.25 | 112.50 |
| 04/06/06 | BSG | Telephone call(s) from and to NY lawyer, Wardner. | 0.33 | 148.50 |
| 04/10/06 | DAS | Review file; research, analyze legal authority regarding existence of legal position after fraudulent inducement regarding deed of trust. | 0.25 | 75.00 |
| 04/10/06 | BSG | Telephone conference with clients; telephone conference with Bob Bosso. | 0.30 | 135.00 |
| 04/11/06 | BSG | Letter to Trustee's counsel demanding original loan documents. | 0.33 | 148.50 |
| | | **TOTAL** | **2.46** | **1,069.50** |

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**

**F.     Participation by Multiple Attorneys is Not Compensable.**

On March 22, 2006, two McGrane Greenfield partners participated in conferences with the clients concerning the filing of the involuntary petition. The court will reduce the fees associated with the client conferences by $550, which accounts for one hour at the higher billing rate.

Three partners from McGrane Greenfield also participated in the March 30, 2006 hearing on the motions to appoint a trustee. The court will reduce the fees for these services by $675 to account for the unnecessary duplication that results from the participation of multiple attorneys.

**G.     Certain Expenses Are Not Allowable.**

Bankruptcy Rule 1010 provides that the summons and involuntary petition may be served in accordance with Bankruptcy Rule 7004(a) or (b). Bankruptcy Rule 7004(b) authorizes service by mail. Notwithstanding that service of the involuntary petitions could have been accomplished by mail, McGrane Greenfield incurred charges of $210 to effect personal service on Schneider and California Plan. These charges are not reasonable and will not be allowed against the estate.

Facsimile charges of $21 also are not allowable because the amount does not represent McGrane Greenfield's actual expense for the transmission charges. For example, the associated telephone charges might reflect the actual cost to the firm of transmitting facsimiles. Rather than charging its clients the actual cost of a transmission, McGrane Greenfield indicated that it charges $0.50 per page for facsimile transmission. As such, it represents a profit center and is not allowable.

<u>CONCLUSION</u>

For the reasons stated, the petitioning creditors are allowed an administrative claim pursuant to §§ 503(b)(3) and (b)(4) in the amount of $59,298.59 in fees and $6,466.69 in expense reimbursement. The court is inclined to allocate the fee award in the same proportion as provided for under the compromise between the two estates. Any party disputing that proposed allocation may bring the matter before the court for hearing by a duly noticed motion.

IT IS SO ORDERED.

**\*  \*  \*  END OF ORDER  \*  \*  \***

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**
Case: 06-50441     Doc# 743     Filed: 09/13/07     Entered: 09/13/07 13:39:22     Page 12 of
13

Case No. 06-50441-MM

## COURT SERVICE LIST

BERNARD S GREENFIELD
MCGRANE GREENFIELD LLP
40 SOUTH MARKET ST 7TH FLOOR
SAN JOSE 95113


WILLIAM MCGRANE
MAUREEN HARRINGTON
MCGRANE GREENFIELD LLP
ONE FERRY BUILDING SUITE 220
SAN FRANCISCO CA 94111


CHARLES B GREENE
LAW OFFICES OF CHARLES B GREENE
84 WEST SANTA CLARA ST SUITE 770
SAN JOSE CA 95113


EDWINA E DOWELL
SHANNON L MOUNGER-LUM
OFFICE OF THE US TRUSTEE
280 SOUTH FIRST ST ROOM 268
SAN JOSE CA 95113


WILLIAM J LAFFERTY
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
3 EMBARCADERO CENTER 7TH FLOOR
SAN FRANCISCO CA 94111


MICHAEL A ISAACS
CHARLES P MAHER
LUCE FORWARD HAMILTON &
SCRIPPS LLP
RINCON CENTER II
121 SPEAR STREET SUITE 200
SAN FRANCISCO CA 94105-1582


LAWRENCE A JACOBSON
COHEN AND JACOBSON
900 VETERANS BLVD SUITE 600
REDWOOD CITY CA 94063

13

**MEMORANDUM DECISION AND ORDER ON MOTION FOR ADMINISTRATIVE FEES**